**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UMAKANT PUROHIT, SR. M.D. ET AL.,** | ) | **CASE NO.1:08MC072** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **JAMES E. LUNDEEN, SR. M.D.** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court on debtor James E. Lundeen, Sr. M.D.'s Motion to Withdraw the Reference in the above adversary proceeding on the basis of alleged bias and prejudice of the bankruptcy court judge. For the following reasons, the Court denies debotr's motion.

This case arises from an underlying Chapter 11 bankruptcy petition filed by debtor James Lundeen Sr. M.D. and two corporations of which he was the sole shareholder. In 1996, Dr. Lundeen and the corporations filed for Chapter 11 bankruptcy. In 1999, the bankruptcy plan of all three debtors, which were jointly administered was confirmed. In 2002, the cases were closed but were reopened in 2006 when plan creditors contended debtors defaulted on plan payments.

On June 26, 2008, creditors Umakant Purohit, William Midian and John Nickels all sought Chapter 7 relief against Dr. Lundeen by way of involuntary petition for debts owed under the terms of the confirmed plan. Debtor seeks withdrawal of the reference to the bankruptcy court due to the alleged bias of the bankruptcy judge.

## **Standard of Review**

On July 31, 2008, Dr. Lundeen filed pro se his Motion to Withdraw the Reference pursuant to 28 U.S.C. 157(d) which states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

In the absence of a determination that resolution of a proceeding requires consideration of both Title 11 and other federal law regulating organizations or activities that affect interstate commerce, withdrawal of reference to the bankruptcy court is discretionary. *Id*. No party has alleged any factors requiring mandatory withdrawal; therefore, withdrawal of the reference is discretionary and dependent upon a showing of cause. Neither the Bankruptcy Code nor the Sixth Circuit has defined "cause." However, courts have formulated a non-exhaustive list of factors for the District Court to consider, including judicial economy; uniformity in bankruptcy administration; reducing forum-shopping and confusion; conserving debtor and creditor resources; expediting the bankruptcy process; whether jury trial has been requested; and whether the proceeding is core or non-core. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F. 2d 992, 999 (5th Cir. 1985); *see also Orion Pictures Corp. v. Showtime Networks*, *Inc. (In re Orion Pictures Group)*, 4 F. 3d 1095, 1101-02 (2nd Cir. 1993). The moving party bears the burden of

demonstrating that the reference should be withdrawn. *In re Vicars Ins. Agency, Inc.*, 96 F. 3d 949, 953 (7th Cir. 1996). "The question of whether a proceeding is core or non-core is appropriately decided by the bankruptcy court, and it is a central question to the determination of a motion to withdraw reference." *Messinger v. Chubb Group of Ins. Cos.*, 1:06mc121 (N.D. Ohio May 16, 2007), at 3.

## Analysis

Pursuant to 28 U.S.C. § 157(b)(3), "[t]he bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." This question is "central" to the determination of a motion to withdraw the reference and is appropriately determined by the bankruptcy court.

Dr. Lundeen does not contend withdrawal of the reference is mandatory, therefore, the Court must consider the factors establishing permissive withdrawal. First, the bankruptcy court has already determined the proceeding is a core proceeding, which weighs heavily in favor of denying a motion to withdraw the reference. Second, this adversary proceeding stems from a bankruptcy petition dating back to 1996 that has spawned numerous adversary proceedings, appeals and extensive motion practice. The bankruptcy courts expertise, historical knowledge of the prior proceedings, and familiarity with the consummation plan from which these actions derive, all militate in favor of denying the reference in the interest of judicial economy, uniformity, conserving resources, reducing forum shopping and expediting the process. While Dr. Lundeen has demanded a jury trial, withdrawal is inappropriate because the litigation of the adversary proceeding is in its early stages and is not "trial-ready." *In re Enron Corp.*, 318 B.R.

273, 275 (S.D.N.Y. 2004). Furthermore, when a proceeding is a core proceeding, and Dr. Lundeen has not challenged the ruling by the bankruptcy judge determining this is a core proceeding, a bankruptcy court is authorized to:

> ....hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

Therefore, the factors this Court must consider on withdrawal do not support withdrawal.

Furthermore, the Court has not been apprised of, and is unaware of any Sixth Circuit precedent permitting withdrawal of a bankruptcy reference on the basis of the alleged bias and prejudice of the bankruptcy judge alone. Federal statutes provide the appropriate procedure for removal of a federal judge on the basis of bias or prejudice. 28 U.S.C. §144, 28 U.S.C. §455, and 28 U.S.C. §351. This Court will not expand upon the statutory scheme already provided in the above referenced statutes to grant withdrawal of the reference for the alleged bias and prejudice of a federal judge.

Therefore, for the foregoing reasons, the Court denies Dr. Lundeen's Motion to Withdraw the Reference.

IT IS SO ORDERED.

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

December 15,2008